McGREGOR W. SCOTT
United States Attorney
CHRISTOPHER S. HALES
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  3:18-MJ-0024 DMC |
| Plaintiff, | GOVERNMENT'S TRIAL BRIEF |
| v. | |
| JASON A. TOBEY, | DATE: May 9, 2019<br>TIME: 9:00 a.m.<br>COURT: Hon. Dennis M. Cota |
| Defendants. | |

## I.     INTRODUCTION

The United States respectfully submits this Trial Brief for the assistance of the Court.  It sets forth law related to the charged offense and an overview of anticipated issues at trial.  This matter is set for bench trial on May 9, 2019, and is expected to take approximately 4-5 hours.

## II.     THE COMPLAINT

The complaint charges defendant Jason A. Tobey with threatening or intimidating any Forest officer engaged in the performance of duties for the protection of the National Forest System in violation of 36 C.F.R. § 261.3(c).  ECF 2.  The charge relates to alleged conduct that occurred on September 23 and 24, 2018 at the Mott Airport in Dunsmuir, California, which was being used as a staging location for helicopters helping the U.S. Forest Service to fight the Delta Fire by performing infrared mapping. Tobey lives in a house next to the airport.

///

### III.   STATEMENT OF FACTS

The government has already outlined the facts that it expects the evidence to show in its opposition to the defendant's motion to dismiss, and therefore does not repeat those facts here.  See ECF 9; see also ECF 1 (complaint).

### IV.   EVIDENCE

#### A.   Witnesses

The government expects approximately seven witnesses to testify in its case in chief during trial. A witness list has been filed separately.  ECF 10.  The government requests and reserves the right to call additional witnesses at trial.  The defense should not rely upon the government to secure the attendance of witnesses the defense may want to call in its case in chief, as the government may decide not to call certain witnesses as it prepares for the trial this week.  It is the defense's responsibility to subpoena witnesses that it wishes to call in its case in chief.

Three of the government's witnesses are from the United States Forest Service.  The first is a witness who knows where the Delta Fire burned in 2018 and who can explain how the Forest Service contracts with various other federal, state, and private partners to address large scale fire events that threaten Forest Service lands in California.  The second, Jeffrey Schifflett, is the Forest Service employee to whom Tobey directed his threats to shoot down helicopters.  The third is a Forest Service law enforcement officer who reported to arrest Tobey after he returned to Mott Airport on September 24, 2018 and again accosted the Forest Service employee working at the airport gate.

Additional witnesses may include a Siskiyou County Sherriff's deputy who also reported to the scene on September 24; a State of Alaska Division of Forestry employee who was contracted with the Forest Service during the Delta Fire and was helping manage flight operations for the helicopters at Mott Airport, and who also heard one of defendant's threats; and the pilot of the helicopter that Tobey falsely accused of showboating over his house.

#### B.   Exhibits

The government expects to present a limited number of exhibits, all of which have been provided to the defense in discovery.  These may include, but are not limited to: a Forest Service map of the area burned by the Delta Fire; photographs of the Mott Airport gate and airstrip to assist the Court's

understanding of witness testimony; and if necessary, work orders showing that certain personnel and helicopters had been contracted by the Forest Service to perform work related to fighting the Delta Fire.

Copies of the government's exhibits will be provided to the Court and defense counsel prior to trial.

## V.      SUBSTANTIVE LAW

### A.      Regulation violated and maximum penalty.

Tobey is charged with violating the Forest Service regulation that prohibits the following:

> (c) Threatening, intimidating, or intentionally interfering with any Forest officer, volunteer, or human resource program enrollee while engaged in, or on account of, the performance of duties for the protection, improvement, or administration of the National Forest System or other duties assigned by the Forest Service.

36 C.F.R. § 261.3(c).  The maximum punishment for this offense is six months imprisonment, a $500 fine, or both such fine and imprisonment.  36 C.F.R. § 261.1b and 16 U.S.C. § 551.  For purposes of this offense, "Forest officer means an employee of the Forest Service."  36 C.F.R. § 261.2.

### B.      Intimidating, threatening, and intentionally interfering are each freestanding offenses under the regulation.

Under 36 C.F.R. § 261.3, the terms "threatening," "intimidating," and "interfering" are each a separate offense "independent from the others."  *United States v. Willfong*, 274 F.3d 1297, 1303 (9th Cir. 2001).  This means the government needs to prove one of these three options under the regulation, but not all of them, for Tobey to be found guilty.

### C.      The offense does not have to occur on federal land.

The offense does not need to have occurred on Forest Service land for the regulation to be violated.  *United States v. Arbo*, 691 F.2d 862, 865–66 (9th Cir. 1982).  Rather, the Forest officer need only have been "engaged in the performance of [his] official duties" at the time of the threats, intimidation, or interference, wherever located.  *Id.*

### D.      A Forest officer is performing an official duty when on duty and performing an act that contributes to the protection of the national forests against fire.

For purposes of the charged regulation, "a forest officer is performing an official duty when the officer is on duty and performing an act that contributes to the protection, improvement, or administration of the National Forest."  *Willfong*, 274 F.3d at 1300.  Protecting national forests from

damage by fire is a core function of the Forest Service and the U.S. Department of Agriculture.  The authorizing statute for the charged regulation "specifically states that the Secretary [of Agriculture] shall make provision for the protection of the national forests against destruction by fire." *United States v. Tellstrom*, No. 3:12-MJ-00014-CMK, 2013 WL 1499491, at *4 (E.D. Cal. Apr. 11, 2013).

### E.   Tobey did not have to specifically know Jeffrey Schifflett was a Forest officer or that he was on duty.

The regulation does not require that the defendant know that the victim of his intimidation or threats is a Forest officer, or that the Forest officer was on duty.  See 36 C.F.R. § 261.3(c).  It requires only that the defendant's conduct occur while the Forest officer was "engaged in, or on account of, the performance of duties."  *Id*.  When this particular language in a criminal statute provides the prerequisite for federal jurisdiction, the defendant does not have to "know his victim is a federal officer" to violate the statute.  *United States v. Hohman*, 825 F.2d 1363, 1365 (9th Cir. 1987), citing *United States v. Feola*, 420 U.S. 671, 679 (1975) (interpreting the same phrase "while engaged in or on account of the performance of official duties" in the federal assault statute).  As the Supreme Court has explained in summarizing its holding in *Feola*, the "existence of fact that confers federal jurisdiction need not be one in the mind of the actor at the time he perpetrates the act made criminal by the federal statute." *United States v. Yermian*, 468 U.S. at 68-69, citing *Feola*, 420 U.S. at 676-77 and n.9.

This "poses no risk of unfairness to defendants" because the "situation is not one where legitimate conduct becomes unlawful solely because of the identity of the individual or agency affected." *Feola*, 420 U.S. at 685.  It is no surprise that threatening to shoot down helicopters to a person working at an airfield is wrongful, and in fact doing so in the United States is a federal felony punishable by five years' imprisonment. *See* 18 U.S.C. § 32(c) and (a)(1) (five year felony offense); 18 U.S.C. § 31(a)(1), (a)(4), and (b) (pertinent definitions); 49 U.S.C.A. §§ 40102 and 46501 (further pertinent definitions).  Tobey is fortunate that "in a case of this kind the offender takes his victim as he finds him," since in this case that makes the petty offense Class B misdemeanor charged here a viable alternative criminal charge. *Feola*, 420 U.S. at 685.

### F.   Intimidation and threats are not protected by the First Amendment.

The First Amendment does not protect "true threats," which are "those statements where the

speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *United States v. Cassel*, 408 F.3d 622, 631 (9th Cir.2005), quoting *Virginia v. Black*, 538 U.S. 343, 359-60 (2003).  Such threats, and intimidation achieved through making such threats, enjoy no First Amendment protections.  *Id*.  Among other things, the First Amendment does not protect a statement that a reasonable person could interpret as expressing intent to harm or assault a Forest officer, whether characterized as intimidation or a threat.  *United States v. Hoff*, 22 F.3d 222, 223-24 (9th Cir. 1994).

Conditional threats can constitute unprotected true threats just as much as unconditional ones. *See, e.g.*, *United States v. Vaksman*, 472 F. App'x 447, 448 (9th Cir. 2012) (holding that conditional statement can be true threat if "a reasonable person would interpret [it] as a serious expression of intent to harm").  True threats similarly need not contain any threat of imminent action to lose protections of the First Amendment.  *Id*. at 449.

### G.   Defendant's purported belief that the Forest officer's actions were invalid is irrelevant and is no defense.

A defendant's belief, even if sincerely held, that a Forest officer was participating in invalid conduct is no defense to intimidation or threatening in violation of 36 C.F.R. § 261.3, so long as the officer was performing his official duties.  *United States v. Willfong*, 274 F.3d 1297, 1300–01 (9th Cir. 2001).  In *Willfong* the defendant unsuccessfully pursued such a defense by claiming that a logging shutdown order was invalid, and thus reasoned that he could not have interfered with the Forest officer who was trying to enforce it.  *Id*.  The Ninth Circuit rejected this argument, noting "[b]y way of analogy, a person does not have the right to resist arrest even if the charges are false or the arrest unlawful." *Willfong*, 274 F.3d at 1301 (citation omitted).  Here it is similarly no defense to the alleged intimidation and threats if Tobey claims that he believed the helicopters were flying inappropriately; even if he did believe this, that did not entitle him to intimidate or threaten a Forest officer in pursuit of the changes he desired.  *See id*. ("If Willfong disagreed with [the officer's] order, he had the right to try to get it rectified. He did not have the right to interfere with the officer's enforcement of it).

///

///

### H.   Intimidation means to make timid or fearful, and does not require actual fear of physical safety.

For purposes of the regulation, the "meaning of 'intimidate' is to make timid or fearful; frighten." *United States v. Skeen*, No. 15-CR-01142-KG, 2016 WL 10588084, at *5 (D.N.M. Mar. 9, 2016), citing *United States v. Hoff*, 22 F.3d 222, 223 (9th Cir. 1994). "[I]n order to find that a defendant performed the criminal act of intimidation," the evidence does not have to show "that the victim was in fact frightened for his own physical safety." *United States v. Meeker*, 527 F.2d 12, 15 (9th Cir. 1975). Intimidation "both in common and legal usage, can refer to the act of placing someone in fear of injury other than harm to the body," which can include threats to property. *United States v. Cassel*, 408 F.3d 622, 636 (9th Cir. 2005).

### I.   Threats can be conditional and the government does not have to prove that the defendant actually intended to carry them out.

The term "threatening" in 36 C.F.R. § 261.3 carries its ordinary meaning, which is to "give signs or warning of: portend; to hang over dangerously; to announce as intended or possible; to cause to feel insecure or anxious." *Skeen*, 2016 WL 10588084, at *4. As indicated by this definition and otherwise noted by the Ninth Circuit, conditional threats can constitute criminal threats. *See Vaksman*, 472 F. App'x at 448. The government does not have to prove that the defendant actually "intend[ed] to carry out the threat" because "[o]ne of the chief evils wrought by a threat is its deleterious and coercive effect on the victim," and "that effect is not diminished merely because the defendant is bluffing." *United States v. Cassel*, 408 F.3d 622, 627-28 (9th Cir. 2005).

## VI.   TRIAL ISSUES

### A.   Possible defenses

The defendant has not provided notice of any defenses for which the Federal Rules of Criminal Procedure require notices. Therefore, the United States will move to bar any such defense should it be raised during trial. Defendant's primary defense appears to be a direct factual challenge to the allegation that he threatened to shoot down helicopters, and his First Amendment arguments that depend upon this alternate version of the facts.

B. **Defense discovery**

The defendant has provided no reciprocal discvery and the government reserves its right to move for the exclusion of any late discovered material that the defendant might seek to introduce during the trial.

C. **Exclusion of witnesses**

The United States will move for the exclusion of all witnesses until their testimony has been completed, pursuant to Fed. R. Evid. 615.  The United States will further move that United States Forest Service Patrol Captain Carson Harris be designated as its case agent and thus exempt from the exclusion order, pursuant to Fed. R. Evid. 615(b); *see also United States v. Little*, 753 F. 2d 1420, 1441 (9th Cir. 1984).

Dated:  May 6, 2019

McGREGOR W. SCOTT
United States Attorney

By:  /s/ CHRISTOPHER S. HALES
CHRISTOPHER S. HALES
Assistant United States Attorney