1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    UNITED STATES OF AMERICA,              No. 3:18-MJ-0024-DMC

12              Plaintiff,

13         v.                                <u>DECISION AND JUDGMENT</u>

14    JASON A. TOBEY,

15              Defendant.

16

17         This matter came on regularly for bench trial on May 9, 2019, at the United States

18    District Court in Redding, California, before the Honorable Dennis M. Cota, United States

19    Magistrate Judge presiding.  The government appeared by and through Christopher S. Hales,

20    Assistant United States Attorney.  Defendant appeared by and through Travis E. Stroud, Attorney

21    at Law.

22         The matter was before the Court by way of Complaint filed on October 31,

23    2018.   In the sole count of the Complaint Jason A. Tobey was charged with violating 36 C.F.R.

24    § 261.3(c).  Pursuant to 36 C.F.R. § 261.3(c), the following is prohibited:

25              Threatening, intimidating, or intentionally interfering with any
              Forest officer, volunteer, or human resource program enrollee, while
26              engaged in, or on account of, the performance of duties for the protection,
              improvement, or administration of the National Forest System or other
27              duties assigned by the Forest Service.

28    / / /

At trial, the government adduced the following evidence:

| | |
|---|---|
| Exhibit 1 | Map of the Delta and Hirz Fires. |
| Exhibit 2 | California Master Cooperative Wildland Fire Management and Stafford Act Response Agreement. |
| Exhibit 3 | U.S. Department of Agriculture Forest Service Contract with Aspen Helicopters, Inc. |
| Exhibit 4 | Resource Order – T3 Helicopter. |
| Exhibit 5 | Resource Order – Owen Solomon. |
| Exhibit 6 | Photos of Mott Airport. |
| Exhibit 7 | Photos of Fire Crew Clothing. |
| Exhibit 8 | Ariel Photograph of Mott Airport. |
| Exhibit 9 | Emergency Facilities & Land Use Agreement. |

The government also provided the testimony of John Casey, Forest Aviation Officer, Jeffrey Schifflett, Monongahela National Forest Firefighter, Owen Solomon, State of Alaska Division of Forestry and USFS Contractor, and John Dumont, Helicopter Pilot.

The defense adduced the following evidence:

| | |
|---|---|
| Exhibit A | Photo of Entrance to Mott Airport (with vehicle in phono redacted). |
| Exhibit B | Photo of Gate into Heli Base (with tape measurer redacted). |
| Exhibit C | Statement taken by Lisa Wilson. |
| Exhibit D | Video of area on USB. |
| Exhibit E | Tree Limb (admitted over objections). |

The defense also provided the testimony of Sam Kubowtiz, Siskiyou County Sheriff's Department, Cassandra Novak Tobey, Defendant's spouse, and Defendant Jason A. Tobey.

The testimony and evidence introduced at trial having been fully considered, this Court finds as follows: The evidence introduced at trial on behalf of the United States (hereafter "the Government") proved beyond a reasonable doubt that Defendant Tobey's statements and actions on September 23, 2018, and thereafter on September 24, 2018, in confronting US Forest

2

1    Service employee Jeff Schifflett, constituted a violation of 36 CFR 261.3(c).

2

3    **1.  FINDINGS OF FACT**

4    As of the events at issue on September 23-24, 2018, the United States Forest

5    Service was utilizing the Mott Airport near Mt. Shasta City, California as a helibase, from which

6    the Forest Service deployed helicopters in conjunction with active firefighting efforts. Defendant

7    Tobey's residence is at 1217 Mott Airport Road, Mt. Shasta, on property near or adjoining the

8    Mott Airport facilities. As helicopters used by the Forest Service in fighting the Delta fire were

9    flown in and out of the Mott Airport in September 2018, one or more of those aircraft flew over

10   Defendant Tobey's property. In response to this helicopter traffic, and the noise and disruption

11   allegedly caused by that air traffic, Defendant traveled to Mott Airport on both September 23 and

12   24th, 2018. There Defendant Tobey encountered full time US Forest Service employee Jeffrey

13   Schiflett.

14   On each occasion that Defendant made contact, Forest Officer Schiflett was

15   dressed in a US Forest Service attire consistent with his assigned tasks of performing road guard

16   duty at an entry gate into the Mott Airport during the firefighting operations, and his role as a

17   crew member on one of the helicopters operating from Mott Airport.  The Court finds that at all

18   times in his dealings with Defendant Tobey, Mr. Schiflett was acting in the capacity of a "Forest

19   Officer," as defined in 36 C.F.R. § 261.2, and was performing an official duty for the "protection,

20   improvement, or administration of the national Forest," as set forth in 36 C.F.R. § 261.3(c).

21   Defendant contends that on repeated occasions, including after Defendant

22   expressed his concerns about the helicopter traffic over his house, that the pilots operating the

23   helicopters for the US Forest Service flew low enough to rattle Defendant's dishes, scare

24   Defendant, his wife and their dog, and allegedly break a large tree limb (Def. Exhibit E). The

25   Court finds that based on the initial flights over Defendant's residence, Defendant Tobey was so

26   agitated that Defendant drove to Mott Airport on September 23, 2018, with the stated objective of

27   confronting the pilot of the helicopter and stopping the continued flights over Defendant's

28   property.

1    At the instruction of Forest Officer Schiflett, Defendant Tobey stopped at an

2    entrance to Mott Airport. There he addressed Forest Officer Schiflett and stated his anger over the

3    pending helicopter operations. In the course of his comments to Forest Officer Schiflett,

4    Defendant Tobey threatened to shoot the subject helicopter out of the sky if it flew over again.

5    While Defendant attempts in his closing brief to characterize Defendant's statements as merely

6    referencing the need to "defend his airspace," the Court finds the contrary testimony of the

7    Government witnesses in this regard to be more credible on the issue of what was stated by

8    Defendant Tobey.  On Defendant's initial encounter with Forest Officer Schiflett on September

9    23, 2018, Defendant Tobey stated: "I will shoot that motherfucker out of the sky if I have to."

10    When Defendant Tobey returned to the Mott Airport on September 24, 2018, he made the

11    statement: "Did I not make myself clear to you yesterday, or am I just out of my fucking mind?"

12    The Court finds each of Defendant Tobey's statements to be threatening,

13    intimidating, and intentionally interfering with Forest officer Schifflett while he was engaged in

14    the performance of duties for the protection of the National Forest System at the Mott Airport and

15    in conjunction with the firefighting efforts being undertaken from that location. The plain

16    objective of Defendant's initial statement was to use the threat of a potential attack on the aircraft

17    being used in the Forest Service fire operations to intimidate Forest Officer Schiflett into

18    restricting or modifying those operations to no longer include flights over Defendant Tobey's

19    residence. Notwithstanding Officer Schiflett's explanation of the need to navigate the helicopters

20    in patterns dictated by wind and existing conditions and objectives, Defendant Tobey returned to

21    Mott Airport on September 24, 2018 with a further intimidation fueled statement, referencing and

22    renewing the threat that he previously intended to "make clear."

23    The Court finds that the statements made by Defendant Tobey on each of these

24    occasions were not conditional, as subsequently maintained by Defendant.  The message

25    conveyed by the language used by Defendant on September 23, 2018 expressly stated that the

26    threatened action would follow any continued operation of the helicopters over his property.

27    Defendant's statement of September 24, 2018 then referred back to that statement and renewed

28    the threat that he intended to "make clear" in his earlier comment. Defendant's threat was not

4

conditional on anything and would be given effect on the continuation of the status quo, specifically, the continued helicopter operations. Even assuming arguendo the statements at issue could be read as conditional threats, Defendant Tobey's liability under 36 C.F.R. § 261.3(c) remains here, where the activity of threatening and intimidating, even conditionally, constituted acts in violation of the statute.

## 2. CONCLUSIONS OF LAW

Defendant's statements to Forest Officer Schiflett on both September 23 and 24, 2018, resulted in both intimidation and intentional interference with a Forest Officer's duties of protecting the National Forest System, and as such, Defendant's actions were acts in violation of 36 C.F.R. § 261.3(c). Defendant Tobey's statements constituted intimidation, in that those statements sought to use Defendant's threatened acts of violence in shooting down a helicopter to compel Forest Officer Schiflett to comply with Defendant's objectives. To the extent Defendant's objectives included the goal of limiting the flight operations employed by the U.S. Forest Service, Defendant's statements also constituted interference generally with a program for the protection of the National Forest System. More specifically, Defendant's threatening statements required Forest Officer Schiflett's immediate attention and response, and so interfered with Forest Officer Schiflett's performance of his duties for protection of the National Forest System.

Defendant's argument that the statements at issue constitute speech protected under the First Amendment is unavailing as a matter of law. Statements such as those at issue here, that can reasonably be interpreted as expressing an intent to harm or assault, enjoy no constitutional protection as free speech under the First Amendment.  See U.S. v. Hoff, 22 F. 3d 222 (9th Cir. 1994); U.S. v. Poocha, 259 F.3d 1077 (9th Cir. 2001). While the Supreme Court's jurisprudence protects a significant amount of verbal criticism and challenge directed at law enforcement, where, as here, words by their very utterance inflict harm in the form or intimidation or interference with the duties of an officer, such words fail to meet any "conceivable definition of protected speech." Hoff, 22 F.3d at 223. The First Amendment can not be employed to protect a statement intended to harm or intimidate a Federal employee. In making

statements in violation of 36 C.F.R. § 261.3(c), Defendant Tobey is afforded no free speech safeguards in the First Amendment.

Neither can Defendant Tobey here rationalize the actions of September 23-24, 2018, as justified or necessitated by the alleged disruptive helicopter air traffic. Even assuming arguendo that employing helicopters in firefighting efforts at issue resulted in the disruption and damage charged by Defendant (a conclusion neither adopted nor addressed by this Court), Defendant's redress for such damage does not permit the violation of 36 C.F.R. § 261.3(c). Irritation and anger can never be the catalyst for undertaking self-help outside the law.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

6

**3.  VERDICT**

The Court finds Defendant Jason A. Tobey guilty of violating 36 C.F.R. § 261.3(c), a Class B Misdemeanor. While this violation is otherwise subject to a maximum possible penalty of 6 months imprisonment and up to a $5,000 fine, in consideration of the evidence received at trial and the absence of any prior record of offense by this Defendant, the Court rules as follows:

1.    Defendant shall pay a fine of $500 within 15 days of the date of this Judgment; and

2.    Defendant shall be placed on an unsupervised court probation for a period of twenty-four months, commencing on the date of this Judgment, during which period Defendant shall not commit another Local, State, or Federal crime.

**4.  APPEAL RIGHTS ADVISEMENT**

Pursuant to Rule 58(g)(2)(13) and Rule 32(j) of the Federal Rules of Criminal Procedure, you have the right to appeal the judgment of conviction or sentence to the United States District Court within ten days of the entry of this Judgment.  You must file your Notice of Appeal with the Clerk of the United States District Court, Eastern District of California, 501 'I' Street, Sacramento, California 95814.  You are further advised that if you are unable to pay the costs of appeal, you may seek permission to appeal in forma pauperis.

Dated:  August 15, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

7