No. 2:19-cr-00150-JAM

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
Plaintiff-Appellee,

v.

JASON A. TOBEY,
Defendant-Appellant.

On Appeal from the United States District Court
for the Eastern District of California

Honorable Dennis M. Cota
United States Magistrate Judge

United States District Court No. 3:18-MJ-0024 DMC

---

APPELLANT'S SUPPLEMENTAL BRIEF

---

Heather E. Williams
Federal Defender
Carolyn M. Wiggin
Assistant Federal Defender
Robert Fleming
Certified Law Clerk
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorneys for Defendant-Appellant
JASON A. TOBEY

Table of Contents

Table of Authorities ................................................................................................ ii

I.  Mr. Tobey had a Sixth Amendment right to discharge retained counsel
    regardless of the punishment imposed. ............................................................1

II. Because Mr. Tobey was subject to a possible term of imprisonment
    during the trial, the Sixth Amendment right to appointment of counsel
    for an indigent defendant applied. ...................................................................2

III. If Mr. Tobey's probation sentence carries the possibility of
     imprisonment upon revocation, the Sixth Amendment right to
     appointment of counsel for an indigent defendant applied. .............................3

IV. Mr. Tobey had a right to counsel under the Federal Rules of
    Criminal Procedure. .........................................................................................4

Table of Authorities

United States Constitution

Sixth Amendment ................................................................................... 1, 2, 3, 4

Federal Cases

*Alabama v. Shelton*, 535 U.S. 654 (2002) ................................................................3

*Argersinger v. Hamlin*, 407 U.S. 25 (1972)..............................................................2

*United States v. Brown*, 785 F.3d 1337 (9th Cir. 2015) ............................................1

*United States v. Downin*, 884 F. Supp. 1474 (E.D. Cal. 1995) ................................5

*United States v. Foster*, 904 F.2d 20 (9th Cir. 1990)................................................3

*United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) ...................................1

*United States v. Jimenez-Antunez*, 820 F.3d 1267 (11th Cir. 2016).........................1

*United States v. Ramirez*, 555 F. Supp. 736 (E.D. Cal. 1983).............................2, 3

*United States v. Scott*, 440 U.S. 367 (1979) .........................................................2, 3

*United States v. Wasson*, 2015 WL 9906312 (D. Or. Jan. 22, 2015) ...................4, 5
*Wheat v. United States*, 486 U.S. 153 (1988) ..........................................................1

Federal Statutes

18 United States Code Section 3565..........................................................................4

Federal Regulations

36 Code of Federal Regulations Section 261.1b.......................................................4

36 Code of Federal Regulations Section 261.3.........................................................3

Federal Rules

Federal Rule of Criminal Procedure 44 ................................................................4, 5

Federal Rule of Criminal Procedure 58 ................................................................4, 5

### I. Mr. Tobey had a Sixth Amendment right to discharge retained counsel regardless of the punishment imposed.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." A petty offense prosecution is a "criminal prosecution," guaranteeing Mr. Tobey a Sixth Amendment right to counsel, even if that was only the right to retain counsel. An element of the Sixth Amendment right "is the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). "A choice-of-counsel violation occurs whenever the defendant's choice is wrongfully denied." *Id*. at 150. The choice-of-counsel right is implicated when a defendant moves to dismiss retained counsel, regardless of whether he will seek appointed counsel or retain alternative counsel afterwards. *United States v. Brown*, 785 F.3d 1337, 1344 (9th Cir. 2015); *United States v. Jimenez-Antunez*, 820 F.3d 1267, 1271 (11th Cir. 2016) (a "defendant exercises the right to counsel of choice when he moves to dismiss retained counsel, regardless of the type of counsel he wishes to engage afterward.").

Mr. Tobey had a Sixth Amendment right to counsel regardless of the punishment at issue. Subject to reasonable limitations,[1] he had the right to choose

---

[1] *Wheat v. United States*, 486 U.S. 153, 159 (1988).

1

(and discharge) his retained counsel. The magistrate judge unreasonably limited his right to discharge Mr. Stroud by insisting there could be no change of counsel if it would delay the trial. The magistrate judge gave no weight to Mr. Stroud's Sixth Amendment rights, instead only considering the government's desire to avoid any delay of the trial.

**II.   Because Mr. Tobey was subject to a possible term of imprisonment during the trial, the Sixth Amendment right to appointment of counsel for an indigent defendant applied.**

Whether a person is charged with a petty offense, misdemeanor, or felony, if the sentence includes imprisonment, an indigent defendant has a Sixth Amendment right to appointment of counsel. *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972). In *Scott* the Supreme Court held this right does not apply to a state court misdemeanor conviction involving no jail time. *United States v. Scott*, 440 U.S. 367, 373–74 (1979).

To ensure a defendant's Sixth Amendment right to appointed counsel is honored, this Court decided that unless there has been an on-the-record commitment *before* trial that no jail time will be imposed, an indigent defendant has the right to appointed counsel. *United States v. Ramirez*, 555 F. Supp. 736, 741 (E.D. Cal. 1983) (in federal petty offense context "where the magistrate has not committed on the record prior to trial that in the event of conviction defendant will not be imprisoned, defendant has a right to court appointed counsel").

2

Here, prior to trial, the government reserved its right to seek incarceration if Mr. Tobey were convicted. ER p. 7; CR 28, p. 5. In the final order and judgment, the magistrate judge stated that while violating 36 C.F.R. § 261.3(c) carried a maximum penalty of six months imprisonment and a fine, "in consideration of the evidence received at trial and the absence of any prior record of offense by this Defendant," Mr. Tobey would be sentenced to pay a fine and serve probation. ER p. 31; CR 23, p. 7. Until Mr. Tobey's trial was over, a sentence including imprisonment remained a possibility. Under *Ramirez*, Mr. Tobey had a Sixth Amendment right to appointed counsel if he was indigent.

**III.   If Mr. Tobey's probation sentence carries the possibility of imprisonment upon revocation, the Sixth Amendment right to appointment of counsel for an indigent defendant applied.**

Thirteen years after the Supreme Court decided *Scott*, it clarified that a suspended sentence, which may end up in the actual deprivation of a person's liberty, cannot be imposed without providing counsel to an indigent defendant. *Alabama v. Shelton*, 535 U.S. 654, 673–674 (2002). In the Ninth Circuit, if an indigent misdemeanant is denied the appointment of counsel and sentenced to probation, that defendant cannot be sentenced to jail if probation is revoked. *United States v. Foster*, 904 F.2d 20, 21 (9th Cir. 1990). Under *Shelton* and *Foster*, it appears that if a defendant is sentenced to a probation term that could

3

result in imprisonment if revoked, there is a Sixth Amendment right to appointment of counsel for indigent defendants.

Mr. Tobey was sentenced to pay a $500 fine and placed on unsupervised court probation. ER p. 31, CR 23, p. 7. Generally when federal probation is revoked, a defendant can be resentenced to whatever prison term is allowed for the offense, here a prison sentence of up to six months. 18 U.S.C. § 3565(a)(2); 36 C.F.R. § 261.1b. If revocation of probation could result in imprisonment in this case, the Sixth Amendment right to appointment for indigent defendants applies. *See also United States v. Wasson*, 2015 WL 9906312, at *4 (D. Or. Jan. 22, 2015) (where record does not reflect potential punishment federal misdemeanant might face if he violated bench probation, Sixth Amendment right to appointment of counsel applicable).

**IV.    Mr. Tobey had a right to counsel under the Federal Rules of Criminal Procedure.**

It is worth noting that if Mr. Tobey was indigent, he also had a right to appointment of counsel under Federal Rule of Criminal Procedure 44, which provides "[a] defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant at every stage of the proceeding . . ." The Rule can only be suspended "[i]n a case involving a petty offense for which no sentence of imprisonment will be imposed" (Fed. R. Crim. P. 58(a)(2)), that is "a petty offense for which the court determines that, if conviction occurs, no sentence

4

of imprisonment will be imposed." Fed. R. Crim. P. 58(a)(3). Thus "Rule 44(a)'s guarantee of appointed counsel applies to all misdemeanors except those petty offenses in which a pretrial determination is made by the judge to exclude incarceration from the range of potential sentences." *United States v. Downin*, 884 F. Supp. 1474, 1478 (E.D. Cal. 1995). Because the magistrate judge did not decide to exclude incarceration before the trial, Rule 44 applied to Mr. Tobey's case. *Downin*, 884 F. Supp. at 1479; *see also Wasson*, 2015 WL 9906312, at *4 (where prosecutor left open possibility government would seek jail time for person charged with petty offense, defendant should have been informed of his right to court-appointed counsel).

Dated: February 28, 2020

        Respectfully submitted

        HEATHER E. WILLIAMS
        Federal Defender

        *s/ Carolyn M. Wiggin*
        CAROLYN M. WIGGIN
        Assistant Federal Defender

        *s/ Robert Fleming*
        ROBERT FLEMING
        Certified Law Clerk

        Attorneys for Defendant-Appellant
        JASON A. TOBEY